David Dadon
16530 Gilmore Street
Van Nuys, CA 91406
(310)359-5547
Dadon0005@gmail.com
Plaintiff pro se

FILED
CLERK, U.S. DISTRICT COURT

9/22/20

CENTRAL DISTRICT OF CALIFORNIA
BY:___CS_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV20-8679-VAP(KSx)

DAVID DADON,

Plaintiff,

vs.

ADAM MICHAEL SACKS;
and DOES 1 – 5, Inclusive,

Defendants.

Case No.:

**COMPLAINT**
**FOR DAMAGES FOR:**

1. **FRAUD by Intentional Misrepresentation;**

2. CONSPIRACY TO PARTICIPATE IN RACKETEERING; VIOLATION OF **RICO ACT** under 18 USC § 1962 [d];

3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

4. ELDER ABUSE [based on Financial Abuse]

Demand for Jury Trial

CIVIL - Unlimited Jurisdiction

**COMES NOW**, David Dadon, herein referred to as "plaintiff" in propria persona and for her Complaint for Damages hereby complains and states as follows:

1. This Court has jurisdiction because the alleged incident relevant to the subject matter occurr

1
Complaint for damages

in the County of Los Angeles. The case includes an action for Violation of Rico which should be in Federal Court.

2. At all times-mentioned the defendants were practicing law in the County of Los Angeles. Defendant **Adam Michael Sacks** is and at all times-mentioned was a licensed attorney practicing law in Los Angeles County, California. The purported acts and omissions constituting fraud and legal malpractice by Defendant took place in the County of Los Angeles, state of California. **Plaintiff** David Dadon is and at all times-mentioned was a resident of Los Angeles County, The fraud and legal malpractice **took place at 14401 Sylvan Street, Suite 226, Van Nuys, California, CA 91401.**

3. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-5 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's losses as herein alleged were proximately caused by such negligence.)]

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS.

4. On or about Sept. 14, 2020, Defendants Adam Michael Sacks and Does 1-5 solicited legal services to plaintiff David Dadon.

5. On or about Sept. 14, 2020, **Plaintiff** was paid $1500 to assist Dadon prior to Dawson's representation for plaintiff concerning an Unlawful Detainer Action.

6. Never at any time after Plaintiff retained the defendants, did any of the defendants do what they stated they'd do.

7. Plaintiff David Dadon later demanded a refund, but defendants refused and failed to

refund the money to Plaintiff.

8. At all times mentioned, when defendants and DOEs expressed or implied their representations to plaintiff, they knew that those representations were false.

9. **FIRST CAUSE OF ACTION for FRAUD by Intentional Misrepresentation**
ADAM MICHAEL SACKS;
and DOES 1 – 5,

10. The plaintiffs refer to and incorporates, as though fully set forth herein, Paragraphs 1-9, inclusive of the complaint.

11. On Or about Sept. 14, 2020, Defendant Adam Michael Sacks tricked plaintiff out of $1500 for legal work, but never did the work. Plaintiff demanded a refund, but defendants refused and failed to refund the money.

12. At all times mentioned, when defendants and DOEs expressed or implied their representations to plaintiff, they knew that those representations were false.

13. At all times mentioned, when defendants and DOEs expressed or implied their representations to plaintiff, they knew that those representations were false.

14. At all times mentioned, when defendants and DOE 1 expressed or implied their representations to plaintiff, they knew that those representations were false.

15. At all times mentioned, when defendants expressed or implied their representations to plaintiff, they knew that those representations were false.

16. Defendants and each of them represented to plaintiffs that an important fact was true; Defendants representation was false; Defendants knew that the representation was false whe made them, and they made the representation recklessly and without regard for its truth; Defendants intended that plaintiff, rely on the representation;

17. Plaintiff reasonably relied on defendants' representations; Ultimately, plaintiff were harmec and plaintiff's reliance on defendants' representations were a substantial factor in causing their har

18. Defendants and DOES 1-5's representations were false;

Defendants and DOES 1-5 knew that the representations were false when he made it, or that he made the representations recklessly and without regard for its truth;

19. Defendants intended that Plaintiff would rely on the representations;

20. Plaintiff reasonably relied on Defendants and DOES 1-5's representations;

21. At all times mentioned, when defendants and DOEs expressed or implied their representations to plaintiff, they knew that those representations were false. Plaintiff was harmed; and

22. The reliance on Defendants and DOE 1-5's representations was a substantial factor in causing the harm.

WHEREFORE, plaintiff prays to the court for relief for general damages in the amount of $2,000,000 for this cause of action and such other relief as the court deems proper.

## SECOND CAUSE OF ACTION FOR CONSPIRACY TO PARTICIPATE IN RACKETEERING; VIOLATION OF RICO ACT under 18 USC § 1962 [d] against ADAM MICHAEL SACKS; and DOES 1 – 5,

23. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 22, inclusive, as if alleged herein in full.

24. Plaintiff alleges that the defendants *engaged in a conspiracy to violate RICO*. This means that Plaintiff alleges that ADAM MICHAEL SACKS, JOHN MEYERS OF NEVADA AND CHARLES ATKINS OF NEW YORK conspired to conduct or participate in the affairs of an enterprise through a pattern of *racketeering activity*. The violations are based on the above-stated acts, for which they

did "in concert".

## STATEMENT OF DAMAGES

*Plaintiff suffered* $2,000,000 in damages and severe prejudice based on the above wrongful conduct by Defendants and Does 1-10.

25. As a result of defendant fraud, and conspiracy to deprive Plaintiff of due process, Plaintiff suffered loss of income, Plaintiff suffered damaged in the amount of $2,000,000 as a result of the harm caused by defendants.

26. As a result of defendants conduct, Plaintiff has suffered damages in the amount $2,000,000.

### THIRD CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
against defendants  ADAM MICHAEL SACKS;
and DOES 1 – 5,

27. Plaintiff refers to and incorporates by this reference each allegation set forth in Paragraphs 1 through 26, inclusive, as if alleged herein in full.

28. On or about the above-referenced dated, defendants and Does 1-10 did the above-referenced acts by oppressive and fraudulent means by the by outrageous conduct.

This conduct was **outrageous conduct** which justifies punitive damages.

29. As a result, Plaintiff suffered emotional distress in an amount according to proof and for punitive damages in an amount reasonable to stop defendants from doing the same acts in the future.

## FOURTH CAUSE OF ACTION FOR

**ELDER ABUSE re.: Financial Abuse on someone 65 yrs. of age or older**
(Against defendants ADAM MICHAEL SACKS;
and DOES 1 – 5,

**(See Welf. & Inst. Code, § 15610.30)**

30. Plaintiff refers to and incorporates by this reference each allegation set forth in **Paragraphs 1 through 29** hereof, inclusive, as if alleged herein in full.

31. Defendants and each of them violated the **Elder Abuse and Dependent Adult Civil Protection Act** by taking financial advantage of him.

appropriated plaintiff's property.

32. Plaintiff was 65 years of age or older/a dependent adult] at the time of the conduct.

33. Defendants ADAM MICHAEL SACKS and DOES 1 – 5, appropriated the property [for a wrongful use/[or] with the intent to defraud.

34. Plaintiff refers to and incorporates by this reference each allegation set forth in **Paragraphs 1 through 33** hereof, inclusive, as if alleged herein in full.

35. Plaintiff was harmed; and

36. Defendants' conduct was a substantial factor in causing plaintiff's harm.

37. Plaintiff had the right to have the property [transferred/made readily available] to him.

38. Defendants and Does 1-6 knew or should have known that plaintiff had this right.

WHEREFORE, plaintiff prays judgment against defendant [s, and each of them,] as follows:

1.  Temporary Restraining Order, preliminary and permanent injunction;

2.  For actual damages in the amount of **$2,000,000**; AND

3.  An Order of Declaratory Relief, showing that plaintiff does not owe any money to defendants, and that Defendants owe $2,000,000 to plaintiff;

4.  For a statutory civil penalty in the sum of $25,000, pursuant to Civ. Code § 52(b)[Deering's]

5.  For exemplary and punitive damages; and for such other relief under law.

6.  An Order showing an accounting of the specific amount that Defendants owe to plaintiff.

Dated: 9/22 /2020

Respectfully submitted,

By _____

David Dadon, plaintiff pro se

**VERIFICATION BY DAVID DADON**

I, David Dadon, am the plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are there stated on information and belief, and, as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/22/ /2020

By _____

David Dadon

Complaint for damages